IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN  DIVISION


UNITED STATES OF AMERICA

v.                                                   CRIMINAL NO.   1:06cr79LG-JMR

JAMES RICKY GASTON

---

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER

---

        JAMES RICKY GASTON hereby submits this memorandum in support of

his motion for severance of his trial from the trial of the other co-defendants

pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

I.  Background

        Defendants Gaston, Teel, Evans, and Stolze are charged in count one of a

five-count superceding indictment with conspiracy to deprive inmates in the free

exercise of their rights under color of law in violation of 18 U.S.C. §241.

Additionally, defendant Teel is charged in counts two and four of the superceding

indictment with deprivation of rights in violation of 18 U.S.C. §242, and with

obstruction of justice, in violation of 18 U.S.C. §1519.  Defendant Gaston is

charged in counts four and five of the superceding indictment with deprivation of

rights in violation of 18 U.S.C. §242.

        It is alleged in counts two and three that defendant Teel acted in an attempt

to kill inmate Jessie Lee Williams, Jr. which resulted in Williams death, and to

obstruct the investigation into the death of Williams.  Defendant Gaston was not

present at the Harrison County Adult Detention Center at the time of Williams'

death and is not accused in counts two and three.  James Ricky Gaston contends

that he would be greatly prejudiced by trial with Teel because of the "spill-over"

effect from the evidence to be admitted against Teel, namely the government's

evidence supporting the charges made in counts two and three. Gaston's defense

will be unfairly prejudiced by having the jury exposed to crime scene evidence and

testimony of government witnesses who will testify against the co-defendants -

especially Teel, who is alleged to have killed Jessie Lee Williams, Jr. and to have

obstructed the investigation of Williams' death.

II.  Argument

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]wo

or more defendants may be charged in the same indictment or information if they

are alleged to have participated in the same act or transaction or in the same series

of acts or transactions constituting an offense or offenses."

Rule 14(a) of the Federal Rules of Criminal Procedure states that "[i]f the

joinder of offenses or defendants in an indictment, an information, or a

consolidation for trial appears to prejudice a defendant or the government, the

court may order separate trials of counts, sever the defendant's trials, or provide

any other relief that justice requires." *See also Bruton v. United States*, 391 U.S.

123, 131 (1968)(holding that "Rule 14 authorizes a severance where it appears

that a defendant might be prejudiced by a joint trial.").  "Rule 14 leaves the

determination of risk of prejudice and any remedy that may be necessary to the

sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541

(1993); *United States v. Daniels*, 281 F. 3d 168, 177 (5th Cir. 2002)(district court can use discretion under Rule 14 in deciding whether to grant severance). The district court decision to grant or deny severance of the joined defendants should come after balancing the interest in judicial economy against the risk of prejudice to the defendant or the government. *United States v. Peterson*, 244 F. 3d 385, 393 (5th Cir. 2001)(prejudice to the defendant must outweigh interest in "economy of judicial administration"). "Reversal is warranted only when the [defendant] can demonstrate compelling prejudice against which the trail court is unable to afford protection." *United States v. Arzola-Amaya*, 867 F. 2d 1504, 1516 (5th Cir. 1989).

There are three reasons why severance should be granted in this case: (1) prejudicial spillover, (2) antagonistic defenses, and (3) availability of codefendant testimony.

### 1. *Prejudicial spillover*

Ordinarily, the mere presence of a spillover effect does not justify a severance. *United States v. Neal*, 27 F. 3d 1035, 1045 (5th Cir. 1994). In this case, the quantity and type of evidence to be adduced against Ryan Teel in conjunction with the death of Jesse Lee Williams Jr. creates a prejudicial spillover that cannot be cured through jury instructions.

### 2. *Antagonistic defenses*

"Defenses are antagonistic if they are mutually exclusive or unreconcilable, that is, if the core of one defendant's defense is contradicted by that of another." *Id*. at 1046. (citations omitted). "[A] district court should grant severance under Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from

making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506

U.S. 534, 539 (1993).  Assuming the allegations against Teel as to the beating

death of Williams are true, it would conflict with Gaston's defense that Gaston

did not authorize such conduct and that Teel was not acting in compliance with

the policies and procedures of the Harrison County Adult Detention Center and

used excessive force resulting in the death of Williams.  It is expected that Teel

would argue the opposite, that is, he was acting in compliance with the policies

and procedures of the detention center and did not use excessive force.  This

results in mutually exclusive antagonistic defenses.  The only remedy is a

severance.

     3.  *Availability of codefendant testimony.*

"The Supreme Court has recognized that a defendant might suffer

prejudice [from a joint trial] if essential exculpatory evidence that would be

available to a defendant tried alone were unavailable in a joint trial." *United

States v. Neal*, 27 F. 3d 1035, 1047 (5th Cir. 1994)(citations omitted).  "To prevail

on such a claim, a defendant must establish a bona fide need for the codefendant's

testimony, the substance of the testimony, the exculpatory nature and effect of th

testimony, and that the codefendant would in fact testify. Id. (citation omitted).

At the present time, the defendant does not have the benefit of discovery and

wishes to preserve this basis for severance.

WHEREFORE PREMISES CONSIDERED, James Ricky Gaston

respectfully requests this Honorable Court to sever his case from his co-

defendants because joinder of the various offenses and defenses will greatly

prejudice the defendant herein, and for such other and further relief as this Court deems necessary and proper.

Respectfully submitted this the 16th day of April, 2007.

By:  s/John W. Weber, III
John W. Weber, III MSB#101020
Assistant Federal Public Defender
Southern District of Mississippi
2012 15th Street, Suite 380
Gulfport, MS 39501
Phone: (228) 563-1541
 Fax:   (228) 563-1542
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber, III, do hereby certify that I have this day, April 16, 2007, electronically filed the foregoing Motion for Production with the Clerk of the Court using the ECF system which sent notification of such filing to the United States Department of Justice Trial Attorney John C. Richmond, Assistant United States Attorney Glenda R. Haynes, and Defense counsel Cecil G. Woods, James L. Davis, III and Arthur D. Carlisle for their perspective clients.

This the 16th day of April, 2007.

By:  s/John W. Weber, III
JOHN W. WEBER, III