IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN  DIVISION

UNITED STATES OF AMERICA

v.                                       CRIMINAL NO.   1:06cr79LG-JMR

JAMES RICKY GASTON


**MOTION TO DISMISS**
**COUNT I OF SUPERCEDING INDICTMENT**


      Comes now the Defendant, JAMES RICKY GASTON, and respectfully moves to

dismiss count one of the superceding indictment pursuant to Rule 8(b) of the Federal Rules of

Criminal Procedure.

I.    Introduction

      James Ricky Gaston, Ryan Michael Teel, Daniel Evans, and Karl W. Stolze are charged

as co-defendants in count one of a five-count superceding indictment with conspiracy to deprive

inmates of the free exercise of their rights under color of law in violation of 18 U.S.C. § 241 –

specifically, the right to be free from the use of excessive force amounting to punishment.

Included in Count 1 are numerous overt acts allegedly taken by the various defendants in

furtherance of the alleged conspiracy over a thirteen month period.  Count 2 pertains only to Teel

and charges that he assaulted inmate Jessie Lee Williams, Jr., on February 4, 2006, resulting in

bodily injury and death, thereby depriving him of his right to be free from the use of excessive

force in violation of 18 U.S.C. § 242.   Count 3 also pertains only to Teel, and charges that he

obstructed justice with regard to the Williams incident in violation of 18 U.S.C. § 1519.  Count 4

alleges that Teel and Gaston assaulted inmate M.A. on August 9, 2005, resulting in bodily injury

thereby depriving him/her of the right to be free from the use of excessive force in violation of

18 U.S.C. § 242.  Finally, Count 5 alleges that Gaston assaulted inmate T.O. on October 10,

2003, resulting in bodily injury thereby depriving him/her of the right to be free from the use of

excessive force in violation of 18 U.S.C. § 242.

While the facts alleged in the indictment may support separate, substantive violations of

§ 241 against the officers directly involved in each incident, Rule 8(b) does not permit them to

be strung together in one count under the rubric of a conspiracy as substantial identity of the acts

or participants is lacking.  Further, a conspiracy, such as alleged in count one of the superceding

indictment is legally impossible under the known facts this of case as the indictment fails to

allege any facts which, if proven, support an inference that any one of the co-defendants, aside

from the one(s) personally involved in the incidents in question, formed a specific intent to

violate the rights of the victim involved.[1]

The error is essentially one of duplicity – the joining together in a single count of two or

more distinct and separate offenses.  1A Fed. Prac. & Proc. Crim. 3d § 142, *Misjoinder,*

*Duplicity and Multiplicity* (2007).  The government has improperly strung together in count one

of the indictment isolated, unrelated uses of force applied by the various booking officers at

different times over a 13 month period to form one, global conspiracy.  For the reasons set forth

below, count one of the superceding indictment must be dismissed pursuant to Rule 8(b) of the

Federal Rules of Criminal Procedure.

---

[1]Defendant Gaston further submits, as previously noted in his Second Motion for Bill of
Particulars, that the conspiracy count is facially defective as to time and scope.  Count one of the
indictment purports to cover the period "from at least on or about February 8, 2005, and
continuing through at least March 8, 2006."  As drafted, it leaves the door open at both ends,
denying the defendants reasonable notice concerning the scope of the alleged conspiracy.

II.    <u>Law and Analysis</u>

A.

Rule 8(b) governing joinder in cases involving multiple defendants provides as follows:

**(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

As noted in *United States v. Levine*, the phrase "same series of acts or transactions" requires a "substantial identity of the acts or participants." 546 F.2d 658, 662 (5th Cir. 1977)(*rev'd on other grounds*, *United States v. Lane*, 474 U.S. 438 (1986)).

In the absence of a claims of prosecutorial bad faith, the allegations of the indictment are generally taken as true for purposes of deciding whether offenses have been properly joined under Rule 8(b). *Id.* at 663 (Internal citations omitted). "Where, however, the defendant can show that the charge . . . of defendants in conspiratorial action is based on a legal interpretation that is improper, the court cannot base its 8(b) ruling on the written words alone but must determine if, under the correct legal theory, joint action was actually involved." *Id.* (citing *United States v. McDaniels*, 57 F.R.D. 171, 174 (E.D.La. 1972)).

Count one of the superceding indictment charges that the defendants combined, conspired and agreed to injure, threaten, oppress, and intimidate inmates in the free exercise and enjoyment of their rights, including the right to be free from the use of excessive force amounting to punishment resulting in bodily injury to inmates and the death of inmate Jessie Williams. Count one then sets forth 19 overt acts allegedly performed by the co-defendants in furtherance of the conspiracy. Overt acts 1, 2, and 3 involve only Gaston and relate to an

incident on February 8, 2005, wherein Gaston is alleged to have assaulted inmate A.H..  Overt

acts 4 and 5 involve only Evans and Stolze and relate to an incident on April 8, 2005, wherein

they are alleged to have assaulted inmate J.W..  Acts 6 and 7 involve Teel and Gaston and relate

to an incident on August 9, 2005, wherein they are alleged to have assaulted inmate M.A..  In

overt act 8, Gaston is the only defendant involved, though it appears to relate to acts 6 and 7

involving both Gaston and Teel.  Overt act 9 involves solely Gaston,[2] while overt act 10 involves

solely Teel.[3]  Overt acts 11 and 12 purportedly involve Teel, Evans, and Stolze.  (It must be

noted, however, under the plain language of the indictment, the three co-defendants do not

appear to have acted in concert.  It is only stated that each of the three assaulted and choked un-

named inmates at un-identified times during a period of 13 months.  It is not alleged that they

acted together, nor are any facts revealed which suggest that the incidents were related.)  Overt

Act 13 involves only Stolze, alleging that during an un-disclosed time between February 8, 2005

and March 8, 2006, he assaulted an inmate.  Act 14 involves only Evans, stating that he boasted

of assaulting an inmate at an undisclosed time between February 8, 2005 and March 8, 2006.

Finally, overt acts 15-19, involve only Teel and relate to incidents occurring on January 7, 2006,

and February 4-5, 2006, wherein Teel is alleged to have assaulted inmates K.A. and Williams.

Significantly, none of the overt acts alleged to have been taken in furtherance of the

"conspiracy" show the defendants acting in concert, and there is no allegation in the indictment

(aside from the government's conclusory allegation that the defendants "conspired" with one

another) which supports an inference of joint action.

---

[2]Gaston is alleged to have encouraged un-named co-conspirators to disregard jail policy.

[3]Teel is alleged to have encouraged un-named co-conspirators to needlessly use O.C. spray against un-identified inmates.

Careful reading of the indictment reveals that the government's case as to count one is based on several discreet incidents involving the use of force by correctional officers against inmates:

1.     the February 8, 2005, incident involving Gaston and inmate A.H.;

2.     the April 8, 2005, incident involving Evans, Stolze and inmate J.W.;

3.     the August 9, 2005, incident  involving Teel, Gaston and inmate M.A.;

4.     the January 7, 2006, incident  involving Teel and inmate K.A.; and

5.     the incident on February 4, 2006, involving Teel and inmate Williams.

These incidents occurred at different times spanning a year; they involve different locations within the jail, different correctional officers, different inmates, and different levels of force.  Not one of the named co-defendants is common to each incident.  In fact, the only similarity between the incidents appears to be that each involves the alleged use of force by a correctional officer in the booking department.  It is too thin a thread to permit joinder of the alleged offenses under Rule 8(b). There is no substantial identity of facts or participants.[4]  The government appears to have "confuse[d] the common purpose of a single enterprise with the several, though similar, purposes of numerous separate adventures of like character."  *See United States v. Chandler*, 388 F.3d 796, 807 (11th Cir. 2004)

The incidents in count one of the indictment are simply not sufficiently related to be grouped in one count under the rubric of a conspiracy.  Under basic conspiracy law, it is insufficient that the facts, if proven, show that the defendants acted in such a way to have

---

[4]Similarly, count 5 of the superceding indictment wherein Gaston is alleged to have assaulted T.O. on October 10 2003, appears to lack the necessary substantial identity of facts or participants to permit joinder under Rule 8(b).

furthered the conspiracy, had one existed.  Rather their must be independent evidence that the

defendant knew of the conspiracy and voluntarily joined in it.   "[K]nowledge of the overall

scheme is critical to a finding of conspiratorial intent."  *Chandler*, 388 F.3d at 806.  No facts are

alleged which, if proven, support a conclusion that Gaston, Evans, or Stolze participated in or

were cognizant of the incident involving Teel on February 4, 2006.  Similarly, with regard to the

remaining incidents, there are no facts alleged in the indictment which support a finding that any

one of the co-defendants – aside from the person or persons actually involved the specific

incident – participated in any way or was even cognizant of the alleged incidents involving the

others.  Without such knowledge on the part of the co-defendants, the government's unified

conspiracy charge cannot stand.  For the foregoing reasons, Rule 8(b) requires the dismissal of

count one.

        The defense is mindful that the facts alleged in count one potentially support *separate*

substantive violations of § 241 stemming from the 5 incidents outlined in Court one.  The facts

alleged may even support charges of separate conspiracies, considering the allegations in the

overt acts that Teel and Gaston acted together during the alleged incident on August 9, 2005, and

that Evans and Stolze acted together during the incident on April 8, 2005.   They do not,

however, support the ubiquitous conspiracy suggested by the government.

B.

        There is additional support for the dismissal of the conspiracy count in that it is legally

impossible for the conspiracy to prevail under the known facts of this case.

        To prevail upon a substantive count of depriving a person of their civil rights by use of

excessive force in violation of § 241, there must be proof that (1) the particular defendant acted

6

(2) with specific intent to violate the rights of (3) the individual victim named in the indictment. (See generally Fed. Jury Practice and Instr., § 29.03, Essential Elements of the Offense Charged). To prevail upon a charge of <u>conspiracy</u> to violate civil rights, there must be proof that the alleged co-conspirators conspired or agreed to violate the rights of the individual identified in the indictment.

Using the Williams incident by way of example, conspiracy among the four named co-defendants is legally impossible under the known facts. To succeed, there must be proof that Teel, Gaston, Evans, and Stolze (or some combination thereof) conspired or agreed to violate the rights of the individual victim – in this example, Williams. Neither Gaston, nor Stolze, nor Evans, however, were present at the jail at the time of the incident. None had knowledge or forewarning of the incident as none knew or could have known that Williams would be arrested the night of February 4, 2006, or brought to the jail. None were cognizant of what transpired that night until after the fact. They simply could not have possessed the requisite specific intent to violate Williams' civil rights or formed any agreement to that end. This same logic applies to each of the incidents set forth above. There are no facts alleged which, if proven, support an inference that any one of the co-defendants, aside from the one(s) personally involved in the incident in question, formed a specific intent to violate the rights of the specific victim involved.

To obtain a conspiracy conviction on any one of the co-defendants, the law requires proof that the particular defendant had specific intent to violate the civil rights of the individually named inmate. This is factually impossible under the known facts of this case. In Count 1 of the indictment, government has mis-joined the individual and isolated acts of force carried out by the various booking officers at random times into one, vague, all-encompassing conspiracy –

presumably in an attempt to hold Gaston, Evans, and Stolze responsible for Teel's alleged acts and the death of Jessie Williams, rather than trying them based on their own conduct.

The prejudice to Gaston, Evans, and Stolze if count one the indictment is allowed to remain as drafted will indeed be great and will effectively deny them an opportunity to fairly defend against the charges. First, as count one is written, it would be impossible for the jury to convict one or more of the defendants as to only one of the separate offenses while acquitting him on another. A verdict of guilty as to count one would not reveal whether the jury found the particular defendant guilty or responsible for one or all of the incidents set forth in the overt acts, or some number in between. Such would prejudice the defendant for purposes of sentencing, in obtaining appellate review, and in protecting against double jeopardy. Additionally, in the investigation of the four co-defendants, the government has generated (and continues to produce in discovery) literally hundreds of thousands of pages of documents. The scope of trial preparation, the number of potential witnesses, are increased four-fold. Each defendant must not only be prepared for the case against him, but must also prepare for and defend against the evidence affecting the other defendants to safeguard against negative transference and spill-over.

III.    Conclusion

For the reasons set forth above, the incidents identified in count one of the superceding indictment are not sufficiently related to be grouped in one count under the rubric of a conspiracy. The facts alleged may support separate substantive violations of § 241 against the officers directly involved in each incident. They do not, however, support a single, unified conspiracy, and Rule 8(b) does not permit them to be strung together *en masse* for common trial. Additionally, it is legally impossible for the government to prevail on the conspiracy, as drafted,

under the known facts of this case. There are no facts alleged which support an inference that

any one of the co-defendants, aside from the one(s) personally involved in the incident in

question, formed a specific intent to violate the rights of the specific victim involved.

      For the foregoing reasons, Defendant Gaston respectfully requests that count one of the

superseding indictment be dismissed pursuant to Rule 8 of the Federal Rules of Criminal

Procedure.

      Submitted this the 15th day of June, 2007.

                      S. DENNIS JOINER
                      Federal Public Defender


              By:    /s/John W. Weber, III
                      John W. Weber, III, MS Bar #101020
                      Assistant Federal Public Defender
                      Southern District of Mississippi
                      2012 15th Street, Suite 380
                      Gulfport, MS 39501
                      Phone: (228) 563-1541
                      Fax:  (228) 563-1541
                      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John W. Weber, III, certify that I have this day electronically filed the foregoing

Motion to Dismiss Count I of Superceding Indictment with the Clerk of the Court using the ECF

system which sent notification of such filing to the following:


    James L. Davis, III
    Cecil G. Woods, Jr.
    Arthur D. Carlisle
    Jack B. Lacy, Jr.
    John Cotton Richmond
    Lisa Krigsten
    Glenda R. Haynes


                        By:    /s/John W. Weber, III_____
                                      JOHN W. WEBER, III

10